IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 09-2011-TUC-FRZ(HCE) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Luis Omar Garcia-Martinez, | |
| Defendant. | |

Defendant Luis Omar Garcia-Martinez (hereinafter "Defendant") filed a "Motion To Dismiss For Violating Defendant's (5th and 14th) Amendment Rights-Due Process And Equal Protection" (Doc. No. 9) (hereinafter "Motion to Dismiss"). For the reasons stated herein, the Magistrate Judge recommends that the District Court deny Defendant's Motion to Dismiss.

**I. BACKGROUND**

    A.    Charge

Defendant is alleged to be a citizen or national of a country other than the United States who was lawfully denied admission, excluded, deported, and removed from the United States through San Ysidro, California on July 13, 2009. (Doc. No. 1). It is alleged that forty-

one days later on August 23, 2009 Defendant was found at or near Tracy, Arizona. *Id.* The Government maintains that Defendant did not obtain the express consent of the Attorney General or the Secretary of Homeland Security to re-apply for admission to the United States. *Id.* Probable cause to charge Defendant with Illegal Re-Entry in violation of Title 8 U.S.C. §1326 with enhanced punishment pursuant to 8 U.S.C. §1326(b)(2) was found by Magistrate Judge Jennifer Guerin on August 24, 2009. *Id.*

On September 16, 2009 Defendant was indicted for Illegal Re-Entry in violation of 8 U.S.C. §1326 with enhanced punishment pursuant to 8 U.S.C. §1326(b)(2) in that on or about August 23, 2009, at or near Highway 86, mile marker 83, on the Tohono O'dham Indian Nation, in the District of Arizona, Defendant, an alien entered and was found in the United States after having been previously denied admission, excluded, deported, and removed therefrom at or near San Ysidro, California on July 13, 2009 and he did not obtain the express consent of the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission thereto. (Doc. No. 6).

B.    Defendant's Legal Position

Defendant's motion to dismiss is that there is no justification or rationale for prosecuting Defendant for the felony offense of Illegal Re-Entry pursuant to 8 U.S.C. §1326 with enhanced punishment pursuant to 8 U.S.C. §1326(b)(2) while other defendants with prior convictions comparable to Defendant's are prosecuted for a petty offense of Illegal Entry pursuant to 8 U.S.C. §1325 under the Arizona Denial Prosecution Initiative (hereinafter "ADPI") *aka* Operation Streamline (hereinafter "OSL").

In support of this position Defendant submits fourteen exhibits admitted into evidence as Defendant's Exhibits 1-14, related to fourteen defendants recently sentenced under ADPI. Each exhibit consists of: (1) a judgment and commitment order to a stipulated sentence[1] for a petty Class B misdemeanor offense of Illegal Entry under 8 U.S.C. §1325; (2) a United

---

[1] Defendant's Exhibits 1-3, 5-9, and 11-14 indicate sentences of 180 days; Defendant's Exhibits 4 and 10 indicate sentences of 120 days. *See* 18 U.S.C. §§19, 3559(a)(6).

States Department of Immigration and Naturalization I-326 Prosecution Report indicating both the immigration and criminal history of the individual defendant; (3) a United States Department of Homeland Security I-213 Record of Deportable/Inadmissible Alien Report for the individual defendant; and (4) an ADPI criminal complaint.

Each individual defendant in each individual ADPI complaint is charged in Count 1 of the criminal complaint with having committed a *predicate felony* of simple Illegal Re-Entry pursuant to 8 U.S.C. §1326(a), which states:

> **...**any alien who-
> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
> shall be fined under Title 18, or imprisoned not more than 2 years, or both.

The predicate felony is either *enhanced* by an *un-aggravated prior felony allegation* pursuant to 8 U.S.C. §1326(b)(1), which states:

> **...**any alien**...**-
> (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;

or *enhanced* by an *aggravated prior felony allegation* pursuant to 8 U.S.C. §1326(b)(2), which states:

> **...**any alien**...**-
> **...**
> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both;**....**

Each individual defendant in each individual ADPI complaint is alternatively charged in Count 2 of the criminal complaint with having committed a petty Class B misdemeanor of Illegal Entry pursuant to 8 U.S.C. §1325, which states:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes

examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under Title 18, or imprisoned not more than 2 years, or both.

Each individual defendant in each individual ADPI complaint pled guilty to a petty Class B misdemeanor offense of Illegal Entry alleged in Count 2 with an agreed upon and stipulated sentence, in exchange for dismissal of the un-aggravated or aggravated felony in Count 1.

### C. Government's Legal Position

"[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Wayte v. United States*, 470 U.S. 598, 607 (1985)(citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

In support of this position the Government submits a Preliminary U.S.S.G. Report (hereinafter "PUR") admitted into evidence as Government Exhibit A. Therein, Defendant's Criminal Offense Level is calculated to be 20. Defendant's Criminal History Category is calculated to be IV.[2] In exercising prosecutorial discretion, the Government opines that "...because the [D]efendant has prior drug trafficking convictions, the government has elected to charge the [D]efendant with the crime it believes best addresses the challenges posed by an offender like the [D]efendant." (Government's Response To Defendant's Motion To Dismiss (Doc. No. 11) p. 2 (hereinafter "Government's Response, p. _")).

---

[2] Defendant was ascribed two points for a prior felony conviction on June 10, 2008 for Distribute/Offer/Arrange to Distribute a Controlled Substance wherein a sentence of 120 days incarceration and 36 months of probation was imposed and Defendant was later deported on July 10, 2008; two points for a prior felony conviction on May 14, 2009 for Possession/Purchase for Sale of a Narcotic Substance wherein a sentence of 180 days incarceration and 36 months of probation was imposed and Defendant was later deported on July 13, 2009; two additional points for committing the instant offense while under a criminal justice sentence imposed May 14, 2009; and one point for committing the instant offense less than two years following release from imprisonment. PUR, ¶¶ 15-17.

## II. ANALYSIS

A selective prosecution claim under the equal protection component of the Due Process Clause of the Fifth Amendment asks a court to exercise its judicial power over the separate and "special province" of the Executive branch of government. *Heckler v. Chaney*, 470 U.S. 821, 832 (1985). The Attorney General and the United States Attorney, as the President's delegates, have broad discretion and latitude to prosecute the government's criminal laws.[3] U.S. Const., Art. II, §3; 28 U.S.C. §§ 516, 547; *Wayte*, 470 U.S. at 607 (citing *United States v. Goodwin*, 457 U.S.368, 380 n. 11 (1982)). To succeed on a claim of selective prosecution, a defendant must demonstrate that (1) other similarly situated individuals have not been prosecuted and (2) his prosecution was based on an impermissible motive. *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007); *United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir. 2003). The standard for proving such claim is clear evidence to dispel a presumption of regularity. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489 (1999); *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926). It has long been established that "[a] presumption of regularity supports..." their prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Chemical Foundation, Inc.*, 272 U.S. at 14-15.

---

[3] The *decision to prosecute* is within the prosecutor's discretion. *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441-442 (9th Cir. 2007)(decision to prosecute for petty theft under recidivist statute presumed within prosecutor's discretion where defendant presented no "exceptionally clear proof" prosecutor's discretion unlawfully exercised). The prosecutor has discretion to decide *when to bring charges*. *United States v. De Jesus Corona-Verbera*, 509 F.3d 1105,1113 (9th cir. 2007), *cert. denied,* __ U.S. __, 129 S.Ct. 149 (2008), (due process not violated by preindictment delay where defendant failed to show actual prejudice because charges were brought within 5-year statute of limitations and defendant did not offer affidavits or nonspeculative proof as to how loss of witnesses prejudiced him). The prosecutor has discretion as to *where to bring charges*. *United States v. Williams*, 282 F.3d 679, 682 (9th Cir. 2002)(decision to prosecute in federal rather than state court cannot be interfered with by court under Sentencing Guidelines absent evidence that prosecutor abused power).

Courts are "properly hesitant to examine the decision whether to prosecute." *Wayte*, 470 U.S. at 608.

> Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake.

*Id.* at 607. Examining the decision to prosecute would:

> delay[] the criminal proceeding, threaten[] to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy.

*Id.* However, a prosecutors's discretion is not without constitutional constraint. *United States v. Batchelder,* 442 U.S. 114, 125 (1979). The decision to prosecute cannot be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448, 456 (1962).

Defendant invokes 18 U.S.C. §3553 as controlling authority requiring the District Court to impose a sentence consistent with that imposed under ADPI by magistrate judges. This statute requires that a District Court impose a sentence consistent with:

> ...
> (4) the kinds of sentence and the sentencing range established for-
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
> ...

18 U.S.C. §3553(a)(4)(A). Defendant herein has neither pled guilty nor has been found guilty after trial. Defendant has made no showing that the District Court has failed to take the United States Sentencing Guidelines into account in Defendant's unforeseen and yet to occur sentencing. *See United States v. Menyweather*, 447 F.3d 625, 629-630 (9th Cir. 2006)(citing *United States v. Booker*, 543 U.S. 220, 264 (2005)). Moreover, 18 U.S.C.§3553, though aspirational, is not applicable to petty offenses such as those charged in ADPI:

> **...**In the absence of an applicable sentencing guideline in the case of an offense *other than a petty offense*, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.

18 U.S.C.§3553(b)(1)(emphasis added).

Defendant nonetheless, opines "that by refusing to impose sentences consistent with the sentences imposed on defendants in 'OSL,' the Court did not take adequate heed of 'the need to avoid unwarranted sentences [sic] disparities among defendants with similar records who have been found guilty of similar conduct." (Defendant's Motion To Dismiss p.3). Defendants in ADPI have not been found guilty of an offense similar to that charged against the instant Defendant nor will the instant Defendant be sentenced, should he plea guilty or be found so after trial, for an offense similar to that charged against ADPI defendants.

The Government opines that it "chose a particular way of charging the [Defendant of] the offense [of 8 U.S.C. §1326 with enhanced punishment pursuant to 8 U.S.C.§1326(b)(2)] based on the facts and circumstances of [Defendant's] particular case. Specifically, because the [D]efendant has prior drug trafficking convictions, the [G]overnment has elected to charge the [D]efendant with the crime it believes best addresses the challenges by an offender like the [D]efendant." (Government's Response, p. 2). This Court, by no means, professes to know the Government's enforcement plan or policy. However, Defendant's "challenging" circumstances are readily distinguishable from any of the fourteen ADPI cases cited by Defendant and such necessarily includes: (1) committing the instant offense while under a criminal justice sentence imposed in either of two recent prior felony drug cases; (2) committing the instant offense less than two years following release from imprisonment in either of two recent prior felony drug cases; and (3) committing the instant offense of illegal re-entry within six weeks after release and deportation after the most recent of the two prior felony drug cases.

The Government has indicted Defendant for Illegal Re-Entry in violation of 8 U.S.C. §1326 with enhanced punishment pursuant to 8 U.S.C. §1326(b)(2). The Government has deemed Defendant distinguishable from ADPI defendants who were charged with felony illegal re-entry enhanced by either un-aggravated or aggravated prior felonies and who merited an alternative charge for a petty Class B misdemeanor illegal entry. The decision to negotiate a plea agreement, herein in the context of ADPI prosecution, is within the prosecutor's discretion. *See, Williams*, 282 F.3d at 682 (prosecutor's discretion in plea

bargaining not curtailed by the Sentencing Guidelines unless plea bargain fails to reflect the serious of crime). The decision to dismiss a charge, herein within the terms of an ADPI plea agreement, is within the prosecutor's discretion. *See United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007-08 (9th cir. 2000)(district court erred in denying government's motion to dismiss where there was no indication that the motion to dismiss was contrary to public interest and no evidence of prosecutorial harassment). Negotiation with ADPI defendants and resolution of charges against ADPI defendants by the Government have no precedential value and do not bind the District Court in Defendant's own case.

## III. CONCLUSION

Defendant does not argue that the Government's prosecutorial policy had a discriminatory effect on similarly situated individuals of a different race, ethnicity, or national origin motivated by a discriminatory purpose, given that Defendant and cited ADPI defendants would appear to be the same or similar in that regard. *United States v. Armstrong*, 517 U.S. 456, 465 (1996)("To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted."); *United States v. Reyes*, 966 F.2d 508, 509 (9th Cir. 1992)("Absent an allegation of vindictive or selective prosecution, a prosecutor's decision to pursue federal charges does not violate due process."). Rather, Defendant characterizes the Government's prosecutorial decision to indict him strictly and only for a felony illegal re-entry, rather than the ADPI alternative misdemeanor complaint, as an arbitrary classification. The Defendant has not overcome by clear evidence, the Government's presumption of regularity in treating Defendant differently. The Court is not in a position to undertake an analysis of the Government's overall enforcement plan. To do so would reveal the Government's enforcement policy and involve the Court in plea negotiations.[4]

---

[4]"An attorney for the government and the defendant's attorney,**....**, may discuss and reach a plea agreement. The court must not participate in these discussions**....**" Fed.R.Crim.P. 11(c)(1).

## IV. RECOMMENDATION

The Magistrate Judge recommends that the District Court deny Defendant's "Motion To Dismiss For Violating Defendant's (5th and 14th) Amendment Rights-Due Process And Equal Protection" (Doc. No. 9).

Pursuant to 28 U.S.C.§636(b) and Rule of 59 of the Federal Rules of Criminal Procedure, any party may serve and file written objections within ten days after being served with a copy of the Report and Recommendation. If objections are filed, the parties should use the following case number: **CR 09-2011-TUC-FRZ.**

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

DATED this 5th day of November, 2009.

_____
Héctor C. Estrada
United States Magistrate Judge